**FILED**
**U.S. District Court**
**District of Kansas**
03/09/2026
**Clerk, U.S. District Court**
**By:__SND__Deputy Clerk**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

LAWRENCE D. MARSHALL,

     **Plaintiff,**

     v.                        CASE NO.  26-3004-JWL

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

     **Defendants.**

### NOTICE AND ORDER TO SHOW CAUSE

Plaintiff Lawrence D. Marshall began this pro se 42 U.S.C. § 1983 action on January 6, 2026. (Doc. 1.) When Plaintiff filed his complaint (Doc. 1) and his motion for leave to proceed in forma pauperis (Doc. 2), he was incarcerated at Lansing Correctional Facility ("LCF") in Lansing, Kansas. (Doc. 1, p. 1.) Plaintiff did not provide the financial statement required to support his motion for leave to proceed in forma pauperis (*see* Doc. 2-1) and, in light of the information provided by Plaintiff, the Court granted him additional time to do so (*see* Docs. 5 and 6). The memorandum and order granting Plaintiff to and including March 5, 2026 in which to file the inmate account statement was filed on February 2, 2026 and was mailed to Plaintiff at LCF the same day. (Doc. 6.)

On February 24, 2026, the memorandum and order was returned to the Court; the envelope was marked "Return to Sender[;] Not Deliverable as Addressed[;] Unable to Forward." (Doc. 7.) A handwritten notation on the envelope states: "Wichita – Parole." *Id.* The Clerk of this Court discovered that Plaintiff was—at that time—listed as an inmate on the website of the Sedgwick

County Sheriff's Office, so the memorandum and order was remailed to Plaintiff at the Sedgwick County Jail. *Id.*

The deadline for Plaintiff to provide his inmate account statement was now passed and the Court has received nothing from Plaintiff since his January 23, 2026 motion for extension of time to submit the statement. Moreover, Plaintiff does not appear on the Sedgwick County Jail's current in-custody list and the available information from the Kansas Department of Corrections' website reflects that he has absconded. Consequently, it appears that Plaintiff has failed to comply with rules of the Court which require every party, including a party proceeding pro se, to notify the Court in writing of a change of address. *See* D. Kan. R. 5.1(b)(3) ("Each attorney or pro se party must notify the clerk of any change of address or telephone number.").

**IT IS THEREFORE ORDERED** that Plaintiff is granted until and including March 30, 2026 to show cause why this matter should not be dismissed without prejudice for lack of prosecution. The failure to file a timely response may result in the dismissal of this matter without prior notice to Plaintiff. A copy of this order shall be transmitted to Plaintiff at his address of record.

**IT IS SO ORDERED**.

Dated on this 9th day of March, 2026, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

2