**FILED**
**U.S. District Court**
**District of Kansas**
04/09/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LAWRENCE D. MARSHALL,

**Plaintiff,**

v.                                                                    **CASE NO. 26-3004-JWL**

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

**Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Lawrence D. Marshall, a state prisoner currently incarcerated at Lansing Correctional Facility ("LCF") in Lansing, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff has been granted provisional leave to proceed in forma pauperis (Doc. 10.) The Court has reviewed the complaint and has identified deficiencies, set forth below, which leave it subject to dismissal in its entirety. The Court will grant Plaintiff time to (1) show cause, in writing, why this matter should not be dismissed, (2) file a complete and proper amended complaint that cures the deficiencies, or (3) file a written notice of his wish to convert this case to a federal habeas action.

I.    **Nature of the Matter before the Court**

As Defendants in this case, Plaintiff names the Kansas Department of Corrections ("KDOC"), Kansas Secretary of Corrections Jeff Zmuda, and LCF Warden Gloria Geither. (Doc. 1, p. 1-2.) As the factual background for the complaint, Plaintiff alleges that he received a disciplinary report and was prevented from going to classes. *Id.* at 2. The disciplinary report was eventually dismissed, but the program credit was not restored, which meant that he was not

1

released on his anticipated out-date of October 2, 2025. *Id.* Plaintiff also asserts that Mr. Williams, who supervises the Unit Team, said that Plaintiff "wasn't fit" to go back to X Unit. *Id.* In the sole count of his complaint, Plaintiff asserts the Eighth Amendment prohibition of cruel and unusual punishment was violated by his incarceration after October 2, 2025. *Id.* at 3. In the portion of the complaint form for identifying the relief sought in this matter, Plaintiff has written that he "will discuss this matter with [his] attorney." *Id.* at 5.

## II.   Screening Standards

Because Plaintiff is a prisoner and proceeds in forma pauperis, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, at 550 U.S. at 570).

## III.    Discussion

### A.  Relief Sought

As noted above, Plaintiff does not specifically identify the relief he seeks in this case. The attachments to his complaint, however, reflect that in at least one communication with prison officials, Plaintiff sought his release. (Doc. 1-1, p. 2-3.) To the extent that Plaintiff intends to seek in this case an order directing his release, he will be unable to do so because release is not available as relief in a case brought under 42 U.S.C. § 1983. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005).

Specifically, a petition for habeas corpus relief under 28 U.S.C. § 2241 "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed on an official form. See D. Kan. Rule 9.1(a). If Plaintiff wishes to convert this § 1983 action to a habeas corpus action under 28 U.S.C. § 2241, he should so inform the Court and the

required form will be provided to him at no cost. If Plaintiff chooses to proceed under 42 U.S.C. § 1983, he must do so with the understanding that release is not an available form of relief.

If Plaintiff intends to seek compensatory damages in this action, such relief also appears to be unavailable based on the facts alleged in the complaint. The Prison Litigation Reform Act (PLRA) provides in part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e). As used in the PLRA, "prisoner" includes is "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law." 42 U.S.C. § 1997e(h). This provision of the PLRA "limits the remedies available, regardless of the rights asserted, if the only injuries are mental or emotional." *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001). This statute applies regardless of the nature of the underlying substantive violation asserted. *Id.* Simply put, without "a prior showing of physical injury or the commission of a sexual act," a prisoner plaintiff may not obtain compensatory damages. *Id.* at 878. Based on the factual allegations in the complaint, Plaintiff would be barred from seeking compensatory damages because he does not allege a physical injury or the commission of a sexual act.

**B.  The KDOC**

Defendant KDOC is subject to dismissal from this case because the State and its agencies are not "persons" that Congress made amenable to suit for damages under § 1983. *See West*, 487 U.S. at 48-49 ("To state a claim under § 1983, a plaintiff must ... show that the alleged deprivation was committed by a *person* acting under color of state law." (Emphasis added)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989) ("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983."). In addition, the State of Kansas and its

4

agencies are absolutely immune from suit under the Eleventh Amendment unless the State consents to being sued or Congress exercises its constitutional authority to eliminate the State's immunity. *See Allen v. Cooper*, 589 U.S. 248, 254-55 (2020). It is well established that Congress did not withdraw the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002). And there is no indication that the State has consented to this suit. Moreover, the Tenth Circuit has recognized that the Eleventh Amendment bars federal-court claims against the KDOC. *See McGee v. Corizon*, 831 Fed. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("As to the Kansas Department of Corrections, the Eleventh Amendment bars McGee's claim."). For all these reasons, the KDOC it is subject to dismissal from this case.

## C. Personal Participation

The two remaining Defendants, Defendants Zmuda and Geither, are subject to dismissal from this case because the complaint does not sufficiently allege their personal participation in a constitutional violation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

In other words, a viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020)

(quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)).

Even liberally construing the complaint and taking all factual allegations therein as true, the only allegation about Defendant Zmuda is that he is "over" the KDOC. (Doc. 1, p. 1.) The only allegation about Defendant Geither is that she is the "Warden over L.C.F." *Id.* at 2. Because supervisory liability alone is not sufficient to state a plausible § 1983 claim, Plaintiff has failed to state a plausible claim against Defendant Zmuda or Defendant Geither.

## IV.    Conclusion

As explained above, it appears that this action is subject to dismissal in its entirety. Plaintiff will be granted time in which to choose one of three options. First, Plaintiff may show cause, in writing, why this matter should not be dismissed for failure to state a claim on which relief could be granted. Second, Plaintiff may file a complete and proper amended complaint on the required form that cures the deficiencies identified in this order. Third, Plaintiff may file a written notice stating his desire to convert this case into one seeking habeas relief under 28 U.S.C. § 2241. If Plaintiff files this written notice, the Court will then direct the clerk to provide the required form to Plaintiff and will set a deadline for Plaintiff to file a petition for relief. If Plaintiff fails to timely respond to this order, this matter will be dismissed for the reasons stated in this order without further prior notice to Plaintiff.

If Plaintiff chooses the second option—to file an amended complaint in this case—he must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not in the amended complaint will no longer be before the Court. Plaintiff may not simply refer to the initial complaint; the amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those in the initial complaint.

Plaintiff must name each defendant in the caption of the amended complaint *and* refer to each defendant in the body of the amended complaint. In each count of the amended complaint, he must identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged, including dates, locations, and circumstances. Plaintiff may attach additional pages to the form provided if necessary, but he should not utilize the form complaint only to refer to attachments or other filings.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **May 11, 2026**, in which to either (1) show cause, in a single written document submitted to this Court, why this matter should not be dismissed for failure to state a claim on which relief could be granted; (2) file a complete and proper amended complaint on the required form that cures the deficiencies identified in this order; or (3) file a written notice that he wishes to convert this matter to a federal habeas action under 28 U.S.C. § 2241. The clerk is directed to mail to Plaintiff the form required for filing an amended complaint.

**IT IS SO ORDERED.**

DATED:  This 9th day of April, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

7