**FILED**
**U.S. District Court**
**District of Kansas**

07/17/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LAWRENCE D. MARSHALL,

    **Plaintiff,**

    v.                                     **CASE NO.  26-3004-JWL**

KANSAS DEPARTMENT OF
CORRECTIONS, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff and state prisoner Lawrence D. Marshall brought this pro se civil rights action under 42 U.S.C. § 1983 in January 2026. (Doc. 1.) On April 7, 2026, the Court provisionally granted him leave to proceed in forma pauperis, but ordered him to "submit either (1) the required inmate account statement or (2) a status report on the availability of such a statement" on or before July 7, 2026. (Doc. 10, p. 3.) In the interest of efficiency, the Court screened the complaint and, as it now stands, Plaintiff has until and including August 11, 2026 to: (1) show cause why this case should not be dismissed for failure to state a claim on which relief could be granted, (2) file an amended complaint; or (3) notify the Court that he wishes to convert this case to a federal habeas action. (Docs. 11 and 15.) The time for compliance with the April 7, 2026 memorandum and order, however, has passed and the Court has received neither an account statement or a status report on Plaintiff's efforts to obtain one.

. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's

1

failure . . . to comply with the . . . court's orders"). Rather than immediately impose such a harsh consequence, the Court will extend the deadline for Plaintiff to comply with the April 7, 2026 memorandum and order. Plaintiff is cautioned that no further extensions of time will be granted. If he does not file—on or before August 11, 2026—either the required inmate account statement or a written status report showing his efforts to obtain and submit this statement, this case will be dismissed under Rule 41(b) for failure to comply with a court order.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **August 11, 2026**, to comply with the memorandum and order issued April 7, 2026 (Doc. 10) and submit either (1) the required inmate account statement or (2) a status report on the availability of such a statement. The clerk is directed to send Plaintiff a copy of Doc. 10.

IT IS SO ORDERED.

Dated July 17, 2026, in Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
UNITED STATES DISTRICT JUDGE