FILED
U.S. District Court
District of Kansas
08/18/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAWRENCE D. MARSHALL,**

**Plaintiff,**

**v.** **CASE NO. 26-3004-JWL**

**KANSAS DEPARTMENT OF CORRECTIONS, et al.,**

**Defendants.**

**MEMORANDUM AND ORDER**

This is a pro se civil action brought by Plaintiff Lawrence D. Marshall, whose current address of record is Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas. This case began on January 6, 2026, when Plaintiff filed his complaint (Doc. 1) and a motion for leave to proceed in forma pauperis (Doc. 2). Because Plaintiff failed to submit the financial information—an inmate account statement—statutorily required to support his motion for leave to proceed in forma pauperis, the Court issued a notice of deficiency ("NOD") directing Plaintiff to do so on or before February 5, 2026 "or this action may be dismissed without prejudice and without further notice." (Doc. 3, p. 1-2.)

On January 23, 2026, Plaintiff filed a motion for extension of time to submit the account statement (Doc. 5), which the Court granted, giving Plaintiff until and including March 5, 2026 to either submit the account statement or pay the filing fee in full. (Doc. 6.) The order granting the extension was mailed to Plaintiff at his address of record at the time: Lansing Correctional Facility ("LCF") in Lansing, Kansas. Nearly three weeks later, on February 24, 2026, the Court received returned mail consisting of the order mailed to Plaintiff at LCF. (Doc. 7.) The envelope was marked "Return to Sender[;] Not Deliverable as Addressed[;] Unable to Forward," and a handwritten notation on the envelope stated: "Wichita – Parole." *Id.* The Clerk of this Court discovered that Plaintiff was—

at that time—listed as an inmate on the website of the Sedgwick County Sheriff's Office, so the order was remailed to Plaintiff at the Sedgwick County Jail. *Id.*

When the March 5, 2026 deadline passed and Plaintiff had not complied with the NOD, the Court issued a notice and order to show cause ("NOSC") directing Plaintiff to show cause, on or before March 30, 2026, why this case should not be dismissed without prejudice for lack of prosecution. (Doc. 8.) Plaintiff filed an untimely motion for extension of time to submit the account statement. (Doc. 9.) In the motion, he appeared to indicate that he had been transferred to Hutchinson Correctional Facility ("HCF") in Hutchinson, Kansas, which had led to delays in receiving mail from this Court. *Id.* Plaintiff also provided an update on his efforts to obtain his inmate account statement. *Id.*

In light of the information in the motion, the Court issued an order granting Plaintiff until and including July 7, 2026 to submit the account statement or file a status report related to his efforts to obtain one. (Doc. 10, p. 1-3.) Additionally, in the interest of efficiency, the Court provisionally granted Plaintiff leave to proceed in forma pauperis so that it could begin to screen the complaint that began this case. *Id.* at 2-3. It also reminded Plaintiff that the local rules of this Court require him to notify the Court, in writing, of any change of address. *Id.* at 2. The Court then began the statutorily required screening of the complaint in this case. As directed in the order, Plaintiff subsequently filed a notice of change of address indicting that he was incarcerated at HCF. (Doc. 12.)

On April 9, 2026, the Court issued a memorandum and order ("M&O") identifying deficiencies in the complaint that left it subject to dismissal in its entirety. (Doc. 11.) Specifically, the M&O explained that although Plaintiff does not specify in the complaint the relief he seeks, it appeared that he at least in part seeks his release. *Id.* at 3. Release from custody is not available as relief in a case under 42 U.S.C. § 1983, however, and the M&O explained to Plaintiff that such relief is only available through a petition for writ of habeas corpus. *Id.* Similarly, if Plaintiff intends to seek compensatory damages in this case, the provisions of the Prison Litigation Reform Act bar him from doing so on the facts currently alleged in the complaint. *See id.* at 4.

The M&O further explained that although Plaintiff names the Kansas Department of Corrections ("KDOC") as a defendant in this case, the KDOC is not suable under § 1983 and also enjoys Eleventh Amendment immunity from suit. *Id.* at 4-5. Finally, the M&O noted that the two other named defendants, Jeff Zmuda and Gloria Geither, are subject to dismissal because even liberally construing the pro se complaint, Plaintiff does not allege that either personally and directly participated in the acts on which the complaint is based. *Id.* at 5-6. For all of these reasons, the M&O concluded, this case is subject to dismissal in its entirety. *Id.* at 6. Therefore, Plaintiff was given three options: on or before May 11, 2026, Plaintiff was required to

> either (1) show cause, in a single written document submitted to the Court, why this matter should not be dismissed for failure to state a claim on which relief could be granted; (2) file a complete and proper amended complaint on the required form that cures the deficiencies identified in this order; or (3) file a written notice that he wishes to convert this matter to a federal habeas action under 28 U.S.C. § 2241.

*Id.* at 7.

On May 6, 2026, Plaintiff filed a motion for extension of time to respond to the M&O. (Doc. 13.) The Court granted the motion, extending the deadline for compliance until and including August 11, 2026. (Doc. 15.) The July 7, 2026 deadline for Plaintiff to submit either his inmate account statement or a status report on his efforts to obtain that statement passed, and Plaintiff failed to comply. Thus, on July 17, 2026, the Court entered an order noting:

> Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders").

(Doc. 16, p. 1-2.) Rather than dismiss the case, however, the Court sua sponte extended the deadline for Plaintiff to file the account statement or a status report. *Id.* at 2. Plaintiff was expressly cautioned

> that no further extensions of time will be granted. If he does not file—on or before August 11, 2026—either the required inmate account statement or a written status report showing his efforts to obtain and submit this statement, this case will be dismissed under Rule 41(b) for failure to comply with a court order.

*Id.*

This order was mailed to Plaintiff at HCF, his address of record. On August 12, 2026, however, the Court received return mail consisting of the envelope containing the order. (Doc. 17.) The envelops is marked "Return to Sender[;] No Longer at This Address" and "Not Deliverable as Addressed[;] Unable to Forward." *Id.* Interestingly, it also appears that someone wrote a new address for Plaintiff on the envelope. *Id.* The Clerk of this Court's independent investigation revealed that Plaintiff is again listed on the Sedgwick County Sheriff's Office as an inmate of the Sedgwick County Jail, so the order was remailed to Plaintiff at that location on August 12, 2026. *See id.*

August 11, 2026 was the deadline for Plaintiff to respond to the M&O and for Plaintiff to provide his inmate account statement or file a status report about his efforts to do so. Plaintiff has not complied. This case has been pending for more than 7 months and Plaintiff's fee status has not been finally resolved. In addition, despite having over 4 months to respond to the M&O (Doc. 11), Plaintiff has not done so. The Court maintains its prior conclusion, as stated in the M&O, that this case is subject to dismissal for failure to state a claim on which relief could be granted.

**IT IS THEREFORE ORDERED THAT** the Kansas Department of Corrections is dismissed from this case with prejudice because it is not amenable to suit under 42 U.S.C. § 1983. The remainder of the case is dismissed without prejudice for failure to state a claim on which relief could be granted.

**IT IS SO ORDERED**.

Dated on this 18th day of August, 2026, in Kansas City, Kansas.

s/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge